**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

ENJER ALEXANDER GONZALEZ,

        Petitioner,

v.                                                                          Action No.   2:26cv209

JOSEPH SIMON,
ICE Field Office Director, et al.,

        Respondents.

## FINAL ORDER

Petitioner Enjer Alexander Gonzalez ("Gonzalez"), a detainee of United States Immigration and Customs Enforcement, submitted a *pro se* petition, pursuant to 28 U.S.C. § 2241 on March 3, 2026, while detained at the Farmville Detention Center in Farmville, Virginia.   ECF No. 1.   Gonzalez was taken into ICE custody in January 2026.   *Id.* at 2.   Gonzalez seeks a bond hearing or immediate release from ICE custody.   *Id.* at 3; ECF No. 9, at 8.

Respondents argue that Gonzalez is an applicant for admission, making section 1225(b) the appropriate statute to apply to his detention.   ECF No. 8, at 2.   For the reasons that follow, the Court will **GRANT** the petition and **ORDER** federal respondents to release Gonzalez subject to the conditions of his existing parole within one day of the date of this order.

## I.     BACKGROUND

Gonzalez is a 33-year-old citizen of Venezuela, who applied for admission to the United States in September 2023 at a port of entry in Texas.   ECF No. 8-1, at 2.   Gonzalez was issued a notice to appear that charged him with being inadmissible to the United States under 8 U.S.C. § 1182(a)(7)(A)(i)(I).   *Id.*   Gonzalez was paroled into the United States.   *Id.* at 3.

In January 2026, Gonzalez "was encountered by [Enforcement and Removal Operations] at or near Baltimore-Washington Parkway, Maryland" and taken into civil immigration custody. *Id.* In March 2026, an immigration judge denied Gonzalez's application for asylum and withholding of removal and ordered him removed to Venezuela. *Id.* Gonzalez reserved the right to appeal the decision to the Board of Immigration Appeals ("BIA"). *Id.*

Gonzalez initiated this proceeding on March 3, 2026, seeking a bond hearing or release from custody. ECF No. 1, at 3. On March 11, 2026, respondent filed an opposition to the petition asserting that Gonzalez is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1), and Gonzalez has received all the process to which he is due. ECF No. 8. Gonzalez did not reply to the opposition. Now that this matter is ripe for disposition, the Court dispenses with oral argument as it would not aid in the decision process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J).

## II.   LEGAL STANDARD

"[A] federal court may grant habeas relief 'only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (quoting *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999)). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

### III.    ANALYSIS

Respondent argues that Gonzalez's detention is lawful and constitutional under the Immigration and Nationality Act ("INA") because Gonzalez is detained under 8 U.S.C. § 1225(b) and not 8 U.S.C. § 1226(a), and that Gonzalez has received all the process to which he is due. ECF No. 8, at 6–19.

Respondent's arguments have previously been rejected by numerous decisions both in this district and other district courts across the country and this case is not factually distinguishable such that it would require a different outcome.  *Hurtado-Barba v. Perry*, No. 3:26cv188, 2026 WL 950489 (E.D. Va. Apr. 8, 2026); *Pineda-Berrios v. Lyons*, No. 1:25cv2332, 2026 WL 384159 (E.D. Va. Feb. 11, 2026); *Omari v. Lyons*, 1:25cv2483, ECF No. 9 (E.D. Va. Feb. 17, 2026); *Ekenge v. Baltazar*, No. 1:26cv630, 2026 WL 617341 (D. Colo. Mar. 5, 2026); *Francois v. Hale*, No. 2:26cv13, 2026 WL 472845 (D. Vt. Feb. 19, 2026).   As in these cases, ICE revoked Gonzalez' release on conditions without notice, a hearing, or individualized consideration of his circumstances as due process requires.

The Court observes that the opinion in *Pineda-Berrios v. Lyons*, concerns facts and legal arguments that are materially indistinguishable from Gonzalez's case and the Court adopts and incorporates the reasoning in whole.

### IV.    CONCLUSION

For the above reasons, the petition, ECF No. 1, is **GRANTED**, and it is hereby **ORDERED** that:

- federal respondents release Gonzalez from custody with all of his personal property subject to the conditions of his existing order of recognizance within one day of

this order;

- respondents are **ENJOINED** from rearresting Gonzalez unless (1) he commits a violation of any federal, state, or local law; (2) he fails to comply with the conditions of his release, except for any term limitation; or (3) his release is lawfully revoked in a manner consistent with 8 C.F.R. § 212.5(e).

The Clerk is directed to forward a copy of this order to Gonzalez and to Kent Porter, Supervisor of the Civil Division of the U.S. Attorney's Office for the Eastern District of Virginia, Norfolk Division.

Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia
April 20, 2026

4